USA Vs. Elpino
B 01cr 16[1]

United States District Court
Southern District of Texas
FILED

OCT 1 7 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA
[Plaintiff]

B-02-202

Vs.

B 01 CR 16

ELI PINO AMADOR/
ELI PINO MARTINEZ
    [Defendant]

WHETHER THE COURT SHOULD HAVE CONSIDERED [THE] DEFENDANT SPECIFIC
CHARACTERISTIC FALLING OUT OF THE 'HEARTLAND' FOR THE PURPOSE OF [THE]U S S, UPON
ITS ADOPTION OF THE GUIDELINES RANGES SET THROUGH THE P S I REPORT?

MOTION UNDER THE Rule[s] of 28 U S C 2255, FOR THE ISSUANCE OF AN ORDER TO VACATE, SET
ASIDE AND TO REVIEW, RECONSIDER, THE PREVIOUSLY ENTERED CONVICTIONS AND
SENTENCES ATTACHED THERETO.

Appearing in the matters styled thereto, defendant seeks an order and /or orders to vacate, set aside and to

review, reconsider, amend and correct [the] previously entered convictions and sentences attached thereto, based

USA Vs. Elpino
B 01cr 16[1]

upon 28 U S C 2255.

In support thereof Mr. El p in o A m ad or shows the follows

STATEMENT OF THE ISSUES BEING PRESENTED FOR REVIEW

WHETHER THE COURT SHOULD HAVE CONSIDERED [THE] DEFENDANT SPECIFIC CHARACTERISTIC BUT FOR ITS 'UNIQUENESS' AND[ FALLING] OUT [OF] THE 'HEARTLAND' OF [THE] USSG, UPON ITS ADOPTION OF THE GUIDELINES RANGES SET FORTH THROUGH THE PSI REPORT?

ISSUES OF JURISDICTION

Mr. Elpino had been charged through a [federal] criminal Indictment, in the Southern District of Texas With unlawful re entering the United States after previously being deported.

The defendant was convicted and subsequently sentenced by this court to a term of 46 months in prison in[to] the Custody of the BOP [Bureau Of Prison]

This court has jurisdiction in this case pursuant to 28 U S C 1291 and also under 18 U S C 2437.

Based upon the statutory 'good time' traditionally given and granted to Inmate[s] of the [BOP], Mr. El p in o

USA Vs.Elpino
B 01cr 16[1]


Has been projected for release on or about [ date].


## STATEMENT OF THE CASE

Mr. Elpino, subsequent to being charged through a Federal Indictment, entered a plea of guilty to [the One Count] Information, per a Plea agreement with the government. He was sentenced to 46 months in [to] the custody Of the BOP Bureau Of Prison

Counsel[s] for defendant filed several motion[s] and request[s] in his behalf, including but not limited to Motion[s] and request[s] for the Indictment dismissal and, also motion[s] in connection for down departure from the Guidelines Ranges etc..

All request[s] and motion[s] had been denied by Justice H Tagle[r], the presiding Judge in this case. At [the] conclusion[s] of the[ sentencing], defendant timely filed a Notice Of Appeal[s]. Defendant, arguing for a Departure and against the underlying 16 months enhancement and the mathematic[s] of the Guidelines etc.. The appeal[s] was dismissed and defendant's convictions and sentences affirmed on [date].

This motion and/or request for review[s] is being filed at more than [1] one year of the defendant's Convictions and sentences thereto.

And Mr. Elpino has not been precluded from filing and /or from seeking Post Conviction relief[s] as it [they] are Related to his inaccuracies and/or mathematical errors reflected through the adopted guideline[s] range[s] etc.


## STATEMENT OF FACT

USA Vs. Elpino
B 01cr 16[1]

### STATEMENT OF FACT AND SUMMARY ARGUMENT [THEREOF]

Mr. Amador Elpino was the subject of [a] One Count Indictment filed the Grand Jury of [the] Southern District in connection with the Unlawful reentry in[to] the United States after being previously deported, in violation of 8 U S C 1326 [a] and [b].

Defendant, through counsel[s] actively pursued the dismissal of the said Indictment based upon Inaccuracies contained therefrom such as whether [or not] his previous felony conviction[s] [which] stems from A burglary with habitation more than 10 years ago was aggravated and if so, whether [a] 16 point[s] enhancement To the Guideline[s] was warranted.

Numerous motion[s] and Request[s] had been filed [to that effect] and other issues unsuccessfully As the court denied and turned down the defendant requests and underlying motion[s]. see file[s] and records. Through a plea agreement with the government on [date], Mr. Elpino entered a guilty plea on the One count Indictment and was subsequently sentenced to 46 month[s] of imprisonment in the custody of the BOP[Bureau Of Prison, [      ] of Supervised release, and $ 100.00 fines and court assessment[s] etc. According to the Judgment and Commitment [J & C], entered in this case, defendant was to be place[d] at [a] BOP facilities, and near his families and / should be subjected to a Substance Abuse Program[s] offered by the Facilities.

Since his convictions and underlying sentence[s], the defendant had been placed at Big Spring Correctional Facilities in Western Texas, a private Correctional and Security Company affiliated to the BOP designed to handle and manage deportable federal inmate[s].
At the Facility, basic Institutional Program[s] and Service are not offered and /or provided. Program[s] such as Emergency medical care[s] for example, medical staff would have to [re]move a[n] medically disabled inmate to[an] outside Hospital[s] and other medical centers nearby for immediate cares.
Inmate[s] are eligible for Hal Way House, Pre Release Program[s] and/or Project[s]. Program[s] and Project[s] Traditionally given and offered by the ordinary FCI[Federal Correctional Facilities]see Programs Statement of the BOP. It's fair to say that, other Mr. Elpino and other foreign national[s] national[s] within the various Correctional

USA Vs. Elpino
B 01cr 16[1]

Facilities systems are subjected to very severe of both environmental and administrative punishment due to their

D e p o r t a b i l i t y  or for being deportable.[see INA] Immigration Nationality Act.

If this is so, the BOP is in violation of the Mr. El pi no's J & C order[s] as it is directly related to the defendant

Conviction[s] and sentences thereto.[see Judgment And Commitment].

Therefore, this court had failed to be in [full] compliance to [the] Rule[s] 11, as it has significant effect upon

the defendant' understanding of his plea[of guilty]and the consequences thereof.


The defendant criminal history failed to show and /or demonstrate any substance and [the] propensity

Thereof warranting[a] 16 point enhancement to the guideline[s] range[s] and as it has also failed to qualify him as an

aggravated felon.

Because the court had failed to be in [f u l]l compliance with [the] Rule[s] 11 [b] and its application thereof,

Remand[ing] these matters for further [relevant] proceedings is warranted.


ARGUMENT

STANDARD OF REVIEW.-

Whether the court knew it could depart the defendant guideline[s] range[s] is a constitutional issue which

Should be reviewed. Also, the 5th Circuit reviews de novo the misapplication of the Guideline[s].

United States Vs. Hatch C.A., 5 [La] 1991, 926 F2d 387. See also United States Vs. Ives C.A., 5[Tex] 1993, 984

F2d 649. As well as United States Vs. Sharp C.A., 1989 883 F2d 829. Also exceptional and extraordinary

Circumstances out of the 'heartland's the USSG. United States vs. Reaves ED [Pa] 1993, 811 F.Supp. 1106

USSG 5K2.0. United States Vs. Buen Rostro 868 F2d 135.   5th Cir. 1989. Also United States Vs. Lara Velasquez

C.A., 5 [Tex] 1990, 919 F2d 946.

Defendant pled guilty wtih the understanding he may never see his U.S born children again. United States Vs. Agu

ED [NY] 2nd Cir. 1991, 763 F. Supp.703 citing the Immigration issue[s].

USA Vs. Elpino
B 01cr 16[1]

## CONCLUSION

For the reasons set forth hereto, these matters should be put over for further and [relevant] proceedings in Connection thereto.

Yours etc,

Elpino Amador

x Eli Pino Amador

USA Vs. Elpino
B 01cr 16[1]

# TABLE OF CONTENTS

STATEMENT OF THE CASE _____

STATEMENT OF ISSUES PRESENTED FOR REVIEW _____

JURISDICTIONAL ISSUES _____

STATEMENT OF FACT _____

SUMMARY ARGUMENT _____

ARGUMENT _____

STATEMENT CONCERNING [A] PREVIOUS APPEAL[S] AND /OR PREVIOUS REVIEW _____

STANDARD OF REVIEW _____

CONCLUSION _____

STATEMENT OF THE PRECEDENT[S] _____

STATEMENT OF AUTHORITIES _____

USA Vs. Elpino
B 01cr 16[1]

AFFIRMATION _____

]

USA Vs. Elpino
B 01cr 16[1]

## STATEMENT OF THE PRECEDENT[S]

United States Vs. Hatch
C.A., 5 [La] 1991
926 F2d 387 _____


United States Vs. Ives
C.A., 5 [Tex] 1993
984 F2d 649 _____


United States Vs. Sharp
C.A., 9 [Cal] 1989
883 F2d 829 _____


United States Vs. Reaves
ED [Pa] 1993
811 F. Supp. 1106 _____


United States Vs. Buen Rostro
868 F2d 135
5th Cir. 1989 _____


United States Vs. Lara Velasquez
C.A., 5 [Tex] 1990
919 F2d 946 _____


United States Vs. Agu
ED [NY] 1991
763 F.Supp. 703 _____

USA Vs. Elpino
B 01cr 16[1]

## STATEMENT OF THE AUTHORITIES

USSG _____

8 USC _____

8 USC 1326 _____

28 USC _____

28 USC 2255 _____

28 USC 1291 _____

18 USC 3742 _____

Rules [11] _____

USA Vs.Elpino
B 01cr 16[1]

5K2.0 _____

## AFFIRMATION

I hereby verify that I have submitted and forwarded a true and accurate copy and/or copies of the forgoing to the Office of the United States Attorney at 600 E Harrison, Brownsville, Texas 78520, on this October 8, 2002.

BY *Elpino Amador*
Elpino Amador
oct. 08/ 2002

USA Vs.Elpino
B 01cr 16[1]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA
[Plaintiff]

Vs.

ELPINO AMADOR
[Defendant]

CASE NUMBER

1 01CR00016 001

USA Vs.Elpino
B 01cr 16[1]

