UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 2 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ELI PINO AMADOR, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-202 |
| | § | CRIMINAL NO. B-01-016 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Eli Pino Amador has filed a timely 28 U.S.C. Section 2255 Application to Vacate, Set Aside, or Correct Sentence along with an Application to Proceed in Forma Pauperis. In his pro se Application, Petitioner is challenging the district court's denial of his motion for downward departure. For the reasons set out below, Petitioner's 28 U.S.C. Section 2255 Application as well as his Application to Proceed in Forma Pauperis should be DENIED.

### BACKGROUND

Petitioner Eli Pino Amador was indicted on January 4, 2001, and charged with having been denied admission, excluded, deported, and removed following the conviction of aggravated felony in violation of 8 U.S.C. Section 1326 (a & b). Pino Amador entered a plea of guilty to the indictment in conformance with a written plea agreement on March 5, 2001. Petitioner filed objections to the PSI, and in a separate motion, he moved for a downward departure on grounds that he detrimentally relied on information in a Form I-294, which was apparently given to him by the Immigration and Naturalization Service upon his deportation in 1991.

On June 18, 2001, the district court overruled the objections and denied the Petitioner's motion for downward departure. Petitioner timely appealed the denial of the motion for downward departure and on September 13, 2002, the Fifth Circuit Court of Appeals affirmed the district court. In doing so, the Fifth Circuit stated that it lacked jurisdiction to review the district court's refusal to depart. The appellate court further reasoned that it had jurisdiction to review a refusal to depart downward "only if the district court based its decision upon an erroneous belief that it lacked the authority to depart."[1] The Fifth Circuit ruled that the district court did not base its decision upon an erroneous belief, and dismissed Pino Amador's appeal. Petitioner timely filed this 28 U.S.C. Section 2255 Application along with an Application to Proceed in Forma Pauperis.

## ALLEGATIONS

Petitioner has filed a Section 2255 motion based on the district court's denial of his motion for downward departure and a violation of his Eighth Amendment right against cruel and unusual punishment. Accompanying the Section 2255 motion is an application to proceed in forma pauperis.

## ANALYSIS

Petitioner's challenge to the court's refusal to grant a downward departure was resolved against him on direct appeal, therefore he is not entitled to re-litigate his claim on collateral attack. The instant claim is foreclosed under "the law of the case." Pino Amador brought the same essential claim on direct appeal. This Court is foreclosed from re-visiting the claims Pino

---

[1] See Doc. # 38 (B-01cr-016).

2

Amador brought and which were decided on direct appeal.[2] "When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[3] However, "unlike res judicata, the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not."[4] The law of the case proscription applies not only to issues decided explicitly, but also to everything decided "by necessary implication."[5] And, though not expressly addressed in an initial appeal, those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case.[6] The Fifth Circuit rejected Petitioner's argument on direct appeal regarding the district court's denial of his motion for downward departure, and this court should be foreclosed from re-visiting the issue here.

Additionally, Petitioner raises a claim that his Eighth Amendment rights are being violated. Specifically, Pino Amador states that because of his scheduled deportation, his sentence is being served at the Big Spring Correctional Facility, where "basic institutional programs and service[s] are not offered... such as emergency medical care units... [which do not require the removal of disabled inmates to outside hospitals or other medical centers] near by [for

---

[2] See United States v. Erwin, 277 F.3d 727, 733 (5th Cir. 2001); United States v. Lawrence, 179 F.3d 343, 351 (5th Cir. 1999); United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998) (stating that the "law of the case" precludes the district court from re-examining an issue decided on direct appeal).

[3] Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).

[4] Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Amer., 272 F.3d 276, 279 (5th Cir. 2001).

[5] See F.D.I.C. v. McFarland, 243 F.3d 876, 883 (5th Cir. 2001); Crowe v. Smith, 261 F.3d 558, 562 (5th Cir. 2001); Browning v. Navarro, 887 F.2d 553, 556 (5th Cir. 1989).

[6] See In re Felt, 255 F.3d 220, 225 (5th Cir. 2001), cert. denied, 122 S.Ct. 807 (2002).

treatment]." Jurisdiction to address claims challenging the manner in which the sentence is being executed exists under 28 U.S.C. Section 2241. Jurisdiction under Section 2241 is found in the district where the Petitioner is confined. Pino Amador is incarcerated in the Northern District of Texas, which falls outside this Court's jurisdiction.[7] Any claims that Petitioner advances which pertain to the execution of his sentence should be brought in the Northern District of Texas, Abilene Division.

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. Section 2255 Application as well as his Application to Proceed in Forma Pauperis be DENIED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. It is also recommended that Petitioner's complaints regarding the execution of his sentence be transferred to the Northern District of Texas, Abilene Division.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[7] United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992); United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990).

4

a failure to object.[8]

DONE at Brownsville, Texas, this _28th_ day of January, 2003.

*Felix Recio*
Felix Recio
United States Magistrate Judge

---

[8] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELI PINO AMADOR,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-02-202<br>CRIMINAL NO. B-01-016 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 and his Application to Proceed in Forma Pauperis is hereby DENIED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Petitioner's complaint regarding the execution of his sentence, under 28 U.S.C. § 2241, is hereby transferred to the Northern District of Texas, Abilene Division.

DONE at Brownsville, Texas this _____ day of _____, 2003.

Hilda Tagle
United States District Judge